United States District Court

Northern District of California

United States District Court
Northern District of California

JARVIS EDUARDO MCMILLAN,

    Plaintiff,

v.

HIGHLAND HOSPITAL DOCTORS AND NURSES,

    Defendant.

Case No. 24-cv-04655-TLT

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed a *pro se* complaint against Highland Hospital doctors and nurses under 42 U.S.C. § 1983. ECF 1. The complaint is now before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Allegations

Plaintiff alleges that, at a time when he was not incarcerated, he was shot in the shoulder and taken to Highland Hospital on May 22, 2021 for treatment. He was put to sleep by unknown methods and after being put to sleep was raped by doctors and nurses who played with his private area. He has been told that there is camera footage of this occurrence, which was placed on Instagram to destroy his character. He seeks 100 million dollars in damages.

Plaintiff does not state a constitutional claim. Because he was not incarcerated at the time of the incident, the doctors and nurses at the hospital were not treating him under the color of state law. He was a private citizen at the time, and The Due Process Clause does not generally confer upon the state affirmative duties of care and protection with respect to private citizens. *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197 (1989). A constitutional duty to protect a private citizen only arises where the state has placed the individual in danger, *see Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006), or where the state has a special relationship with the private citizen. *See DeShaney*, 489 U.S. at 198-99. When the state takes a person into its custody and holds him there against his will, the Constitution imposes upon the state a corresponding duty to assume some responsibility for his safety and general well-being. *See DeShaney*, 489 U.S. at 200. It is the state's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the deprivation of liberty triggering the

protections of the Due Process Clause. *See id.* Because plaintiff explains the event happened "in society," the state did not have any affirmative duty to protect him from danger. A tort claim for battery or any sort of medical malpractice brought by a resident of California against another resident of California should be brought in state, not federal, court.

## CONCLUSION

For the foregoing reasons, the case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall terminate any pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: December 12, 2024

TRINA L. THOMPSON
United States District Judge